UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALONZO BROWN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:		21-1551** |
| **SOUTHERN RECYCLING, L.L.C.** | **SECTION:  KWR** |

**ORDER**

The plaintiff in the captioned matter has filed a **RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL (doc. #22)**.   Title VII does, however, provide for the appointment of an attorney for a Title VII complainant upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). But there is no automatic right to the appointment of counsel; rather, the decision whether to appoint counsel rests within the sound discretion of the trial court.

When a complainant requests appointment of counsel under Title VII, the Court must consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. The Court, noting that the statute provides for appointment of counsel in such circumstances as the court may deem just, found that the grant of such broad discretion should be limited by some broad guidelines.  See *Blackman v. Global Industries Offshore, L.L.C.*   228 Fed. Appx.410 ( 5th Cir. 2007).

On July 25, 2022 **(doc #19),** the Court ordered the plaintiff to certify in writing the steps he has taken to secure counsel.   The plaintiff complied with the order and later supplemented his contact list advising that his daughter had to help him.

Since the denial of the request to appoint, Mr. Brown submitted the subject motion and points out that he did check with the Pro Bono Project and the Southwest Legal Services.   Thereafter, Mr. Brown contacted several lawyers who provided their consultation fees and   or otherwise indicated that they were not taking new cases.  Mr. Brown alleges that he left voice messages and did not receive return calls or that the consultation fees were too expensive.

Brown also points out that while the Court had previously secured counsel for Mr. Brown who settled the case for him but then the matter devolved into a disagreement regarding the language in the release agreement. Mr. Brown proposed a modification in the language which resulted in his counsel seeking to withdraw. The pleadings and documents in the Court Record, and the plaintiff's correspondence of hardship have been reviewed. Brown now seeks the appointment of counsel to assist him with securing the settlement.

However, no counsel would accept a limited appointment as suggested by Brown i.e., to aid in the drafting of the settlement agreement. Therefore, the Court declines to appoint new counsel noting that the matter is not complex, and that Mr. Brown has been able to adequately file pleadings in this case.

**IT IS ORDERED** that the plaintiff's **Reconsideration of Motion for Appointment of Counsel (doc. #22)** is **DENIED**.

New Orleans, Louisiana, this 5th day of October 2022

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**